UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

vs.

D-1 Mohamad Kazkaz,
D-2 Ziad Khalel,

    Defendants.

Case No. 23-cr-20022
Hon. George Caram Steeh

## POST-INDICTMENT RESTRAINING ORDER

The United States has made an *ex parte* application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a Post-Indictment Restraining Order to preserve the availability of certain property that is subject to forfeiture in the above-styled criminal action. Upon consideration of the Government's application and the First Superseding Indictment, it appears to the Court that there is reasonable cause to enter a restraining order to preserve the subject property based upon the following:

    1.    On March 15, 2023, a federal grand jury for this district returned a first superseding indictment charging Mohamed Kazkaz and Ziad Khalel with conspiracy to commit health care fraud

1

(Count 1), conspiracy to pay and receive health care kickbacks (Count 2), payment of kickbacks and bribes in connection with a federal health care program (Counts 3 and 4), and engaging in monetary transactions exceeding $10,000 in criminally derived property (Counts 5-10). *See United States v. Kazkaz et al.*, 23-cr-20022, ECF No. 24.

2. This superseding indictment, which specifically identified property as being subject to forfeiture under 18 U.S.C. § 982, ECF No. 24 at ¶¶ 44-46, establishes sufficient probable cause for the issuance of this restraining order.

3. That in the event Mohamed Kazkaz or Ziad Khalel is convicted of the charges alleged in said Indictment, the subject property would be subject to forfeiture under 18 U.S.C. § 982(a)(7) and 18 U.S.C. § 982(a)(1).

4. That the need to preserve the availability of the subject property through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered.

5. That any third-party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by

this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, Mohamed Kazkaz and Ziad Khalel and any of their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and those persons, financial institutions, or entities who have any interest or control over the Subject Property are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the following property (collectively, the Subject Property):

- Count 5 Funds: $70,000 in funds sent to JP Morgan Chase Bank Account No. X609 on January 25, 2022, an account held in the

name of Kaz Kaz Art Gallery, LLC. These funds were sent using online transaction number X278.

- Count 6 Funds: $55,000 in funds sent to JP Morgan Chase Bank Account No. X616 on December 28, 2021, an account held in the name of Kaz Karing Homes, LLC. These funds were sent using online transaction number X413.

- Count 7 Funds: $779,000 in funds written by cashier's check to Mohamed Kazkaz from Centre Bank Account x690 on January 18, 2023. This includes the actual Centre Bank Cashier's Check, dated January 18, 2023, payable to Mohamed Kazkaz in the amount of Seven Hundred and Seventy-Nine Thousand Dollars ($779,000); All Funds on Deposit with Centre Bank Funding and Attributable to that Cashier's Check; and (in the event that check has been deposited) All Funds up to $779,000 traceable to that Cashier's Check.

- Count 8 Funds: $500,000 in funds written by cashier's check to Mohamed Kazkaz from Centre Bank Account x732 on January 18, 2023. This includes the actual Centre Bank Cashier's Check, dated January 18, 2023, payable to Mohamed Kazkaz in the

amount of Five Hundred Thousand Dollars ($500,000); All Funds on Deposit with Centre Bank Funding and Attributable to that Cashier's Check; and (in the event that check has been deposited) All Funds up to $500,000 traceable to that Cashier's Check.

- Count 9 Funds: $1,445,000 in funds written by cashier's check to National Restaurant Chain #1 remitted by Mohamed Kazkaz on January 18, 2023. This includes the actual Cashier's Check, dated January 18, 2023, payable to the National Restaurant Chain #1 in the amount of One Million, Four Hundred and Forty-Five Thousand Dollars ($1,445,000); All Funds on Deposit Funding and Attributable to that Cashier's Check; and (in the event that check has been deposited) All Funds up to $1,445,000 traceable to that Cashier's Check.

- Count 10 Funds: $50,000 in funds written by cashier's check to Mohamed Kazkaz from Centre Bank Account x690 on January 30, 2023. This includes the actual Centre Bank Cashier's Check, dated January 30, 2023, payable to Mohamed Kazkaz in the amount of Fifty Thousand Dollars ($50,000); All Funds on Deposit with Centre Bank Funding and Attributable to that Cashier's

5

Check; and (in the event that check has been deposited) All Funds up to $50,000 traceable to that Cashier's Check.

IT IS FURTHER ORDERED that any person or entity who has an interest or control over the Subject Property must deliver it to the United States Marshals Service—to be restrained and held in the Seized Asset Deposit Fund—until further order of the Court; and each entity from whom the above referenced Cashier's Checks were issued—unless the Cashier's Check was deposited with another entity—must re-issue a check for the total amount stated in the original Cashier's Check, made payable to the United States Marshal Service (USMS) upon presentation of this Order.

IT IS FURTHER ORDERED that any financial institutions holding any accounts subject to this Order are prohibited from taking offsets against such accounts, and must continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business.  In addition, upon receiving notice of this Order, each financial institution must promptly inform the United States as to the account balances at the time of notice, and thereafter supplement

such information by responding promptly to requests by the United States for information on the accounts' current status.

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that the U.S. Marshal or his designee shall promptly serve a copy of this Restraining Order upon Mohamed Kazkaz and Ziad Khalel and shall a make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE GEORGE CARAM STEEH
United States District Judge