UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | No. 23-cr-20022 |
| Plaintiff, | Hon. Gershwin A. Drain |
| v. | |
| D-1 Mohamed Kazkaz | |
| Defendant. | |
| _____/ | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through undersigned counsel, respectfully submits its Sentencing Memorandum for Defendant Mohamed Kazkaz. The sentencing hearing is set for October 26, 2023. Based upon his conduct, the defendant's sentencing guideline range is 97 – 121 months' imprisonment.

For the reasons stated herein and any reasons which may be set forth during the hearing, the United States recommends a term of imprisonment of 109 months, as this sentence is "sufficient but not greater than necessary" and would serve the goals articulated by Congress.  *See* 18 U.S.C. § 3553(A)(2)(a).

1

## I.     FACTUAL BACKGROUND

Defendant Kazkaz has no medical training, yet he was the mastermind of an $11 million Medicare fraud scheme that resulted in him pocketing more than $5.4 million dollars.

From 2018 – 2023, Kazkaz owned and controlled a psychotherapy agency, Centre, located in Oakland County, for the purpose of submitting false and fraudulent claims to Medicare, seeking reimbursement for psychotherapy services that were not provided or were otherwise not eligible for reimbursement and whose Medicare identification numbers were procured through kickbacks and bribes.

Kazkaz offered and provided kickbacks and bribes to Khalel, and others, as an inducement to refer Medicare beneficiaries to Centre for psychotherapy services, even though such services were medically unnecessary and were never rendered. Khalel would require the recruited Medicare beneficiaries to sign blank Centre sign-in sheets. Kazkaz and others, completed the sheets as if the patients had been provided psychotherapy services and relied upon them to support his fraudulent claims to Medicare, through Centre, for psychotherapy services that were never rendered.

In furtherance of the scheme, Kazkaz instructed employees to obtain information regarding the Medicare beneficiaries legitimate medical visits and or treatments to ensure Kazkaz did not submit a fraudulent claim for a psychotherapy

appointment on the same date the beneficiary had a legitimate appointment with another medical provider.

In furtherance of the scheme, Kazkaz routinely submitted claims utilizing three specific CPT codes: CPT 90837-59 1 - hour psychotherapy session $175.00, CPT 90785-59 psychiatric services complicated by communication factor $40.00, and CPT 99354-25 extended office visit 150.00, three times a week for services that were never rendered. Kazkaz submitted $11 million dollars in fraudulent claims to Medicare, and Medicare paid $5.3 million dollars to Kazkaz as a result of the fraudulent submissions.

On January 18, 2023, Kazkaz was arraigned on the Indictment which charged him with health care fraud.  In an effort to conceal his ill-gotten gain from the government, on January 21, 2023, he transferred approximately $1,445,000 in a cashier's check to National Restaurant Chain #1 knowing the source of these funds was criminal proceeds from the health care fraud scheme.

## II.    RULE 11 PLEA AGREEMENT AND SENTENCING GUIDELINE CALCULATION

On July 18, 2023, Kazkaz pleaded guilty to Counts One and Nine of the Second Superseding Indictment. Count One charged him with Health Care Fraud Conspiracy in violation of 18 U.S.C. § 1349, and Count Nine charged him with Money Laundering by Engaging in a Monetary transactions Exceeding 410,000 in Criminally Derived Property in violation of 18 U.S.C. § 1957(a), pursuant to a Rule

3

11 Plea Agreement. The Probation determined the applicable guideline range is 97 – 121 months and neither party objected to the guideline range.

### III.   APPLICATION OF 18 U.S.C. § 3553(a)

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a sentence that is "sufficient, but not greater than necessary." Those objectives are: (i) the nature and circumstances of the offense, and the history and characteristics of the defendant; (ii) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (iii) the kinds of sentences legally available; (iv) the Sentencing Guidelines; (v) Sentencing Commission policy statements; (vi) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (vii) the need for restitution. The most relevant factors applicable to Mohamad Kazkaz are set forth below.

### A. Nature and Circumstances of the Offense, and the History and Characteristics of the Offender, 18 U.S.C. § 3553(a)(1)

#### 1. Nature and Circumstances of the Offense

The nature and circumstances of the offense are serious. Mohamed Kazkaz engaged in and pled guilty to a conspiracy to defraud Medicare that resulted in a loss of more than $5 million. The sole purpose of the conspiracy was to defraud

Medicare, and this feat could not be accomplished without the defendant. Mohamed Kazkaz was the architect of this massive fraud scheme. Kazkaz incorporated a sham business, paid kickbacks to Khalel and other recruiters for providing the information of Medicare beneficiaries and for pre-signed Centre sign-in sheets. Kazkaz also hired the employees, including the medical providers and social workers, and he instructed them to issue thousands of falsified medical records without regard to medical necessity.

Medicare is a trust-based system. Mohamed Kazkaz, as the owner of a Medicare authorized business, was trusted to only submit claims for services that had been properly rendered and were medically necessary. Mohamed Kazkaz abused that trust by orchestrating an elaborate scheme for the sole purpose of lining his own pocket.

Moreover, in an effort to keep the proceeds of his fraudulent scheme, after his arraignment on these charges, he transferred $1.4 million dollars of the proceeds to a restaurant as an investment, with the agreement that the restaurant would repay him with interest, at a rate of $10,000 per month.

Mohamed Kazkaz knew his conduct was unlawful and he engaged in this fraudulent scheme with a complete disregard for any semblance of providing medical care and based upon the seriousness of this offense a custodial sentence of 109 months is warranted.

2.      **History and Characteristics of the Defendant**

The defendant was born in Hama, Syria and was raised by two loving parents. His father was a physician prior to his death. He is married and has five children. The defendant's wife is supportive and will remain by his side.

In seeking leniency in sentencing Mohamed Kazkaz contends his conduct was aberrant. The defendant's behavior is not aberrant as he engaged in similar conduct by defrauding the Medicaid program. During the execution of a search warrant at his residence in Farmington Hills, MI, also the alleged location of Centre HRW, agents found several Medicaid insurance cards in the names of his children (Exhibit 1).



Exhibit 1

Agents also located an IRS form 1095-B for 2020 in which Kazkaz indicated that Medicaid is his health care provider (Exhibit 2).

Exhibit 2

To be eligible for Medicaid benefits the recipients are age 19 – 64 years and have an income at or below 133% of the federal poverty level (about $18,000 for a single person or $37,000 for a family of our or more). Kazkaz failed to inform the Michigan Department of Health and Human Services that he was ineligible to

receive these benefits because he far exceeded the income requirement[1]. Moreover, the defendant continued to engage in criminal conduct after being arraigned in this case, by transferring $1.4 million dollars of his fraudulent proceeds to a National Restaurant Chain to avoid seizure by the government.

Mohamed Kazkaz, unlike so many other defendants who appear before the Court, benefitted from a loving and supportive family and was raised in a stable household. However, he allowed greed to supersede his desire to abide by the law and adhere to his moral and ethical duties. The defendant has an engineering degree which he could have utilized to make a substantial income legitimately. Rather than rely on a legitimate income, he chose to orchestrate a scheme that required him to abuse the trust placed in him by Medicare for personal gain. There is nothing in the record to suggest that if he had not been caught, he would have changed his course of conduct in any way. Mohamed Kazkaz's history and characteristics do not support a downward variance from the applicable guideline range, instead they support a sentence of 109 months' imprisonment.

---

[1] https://www.michigan.gov/healthymiplan/who#:~:text=See%20if%20you%20qualify%20for%20the%20Healthy%20Michigan%20Plan.&text=Are%20age%2019%2D64%20years,enrolled%20in%20other%20Medicaid%20programs

### B. Seriousness of the Offense, Promoting Respect for Law, and Providing Just Punishment, 18 U.S.C. § 3553(a)(2)(A)

The recommended custodial sentence appropriately accounts for the seriousness of Mohamed Kazkaz;s offenses and justly punishes them. *See* 18 U.S.C. § 3553(a) (2)(A). His status as a well-educated, white-collar, first-time offender does not warrant any leniency given the circumstances of this case. His actions are not merely crimes committed on paper. The paper was used to defraud Medicare of millions of dollars. All of the money involved in the scheme came from the Medicare program. The program, funded by American taxpayers, is a public trust intended to provide health insurance for the elderly and disabled. Every dollar that Kazkaz and his co-conspirator helped divert from this program—and into their pockets—is a dollar that could have been used to provide valuable services to Medicare beneficiaries.

And as this Court is well aware, the Eastern District of Michigan has a particular problem with corrupt clinic owners and physicians willing to sell their licenses and judgment in pursuit of personal gain, sometimes at the expense of their patients, and unfortunately Mohamad Kazkaz is one of them.

### C. To Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant, 18 U.S.C. § 3553(a)(2)(B)-(C)

A substantial custodial sentence will also provide specific and general deterrence for Mohamed Kazkaz's criminal conduct. *See* 18 U.S.C. §

3553(a)(2)(B). Deterrence serves to discourage others who are inclined to involve themselves in similar criminal conduct. It is also an important consideration when fashioning a sentence that will persuade a defendant from continuing to engage in criminal behavior. In particular, the sentence should serve to discourage those who seek to defraud Medicare and compromise their ethical and moral obligation. A 109-month custodial sentence in this case would reflect the severity of Kazkaz's actions.

More importantly, a custodial sentence will provide a clear message important to the goal of general deterrence. The sentence imposed for those involved in this heath care fraud conspiracy must be capable of sending a strong message. The sentence imposed must reinforce to the community that this conduct will not be tolerated and those choosing to engage in this conduct will be held accountable.

### D. To Avoid Unwarranted Sentencing Disparities 18 U.S.C. 18 U.S.C. § 3553(a)(4)(A)(6)

Defendant seeks leniency and in support relies upon the sentences imposed for physicians who have been convicted of Conspiracy to Commit Health Care Fraud. However, the defendant's conduct is more akin to **Francisco Patino**, who was sentenced to 16.5 years for his conduct in falsifying medical records to defraud Medicare of millions of dollars as a clinic owner. Here, like Patino, Kazkaz was the leader and organizer of an extensive fraud scheme that resulted in a significant loss to Medicare. A sentence of 109 months would not result in a sentencing disparity for similarly situated defendants.

## IV. CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court sentence Defendant Mohamed Kazkaz to a term of 109 months' imprisonment, applicable restitution, and a 3-year term of supervised release with the special condition excluding him as a provider from all Federal Health Care Programs, including Medicare.

    Respectfully submitted,

    Dawn N. Ison
    United States Attorney

    /s/ Regina R. McCullough
    Regina R. McCullough
    Philip A. Ross
    Assistant United States Attorneys
    211 Fort Street, Suite 2001
    Detroit, MI 48226
    (313) 226-9618
    Regina.mccullough@usdoj.gov

Dated: October 19, 2023

## Certificate of Service

I hereby certify that on October 19, 2023 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kenneth R. Chadwell
*Counsel for Defendant Mohamed Kazkaz*

I further certify that the foregoing document was sent to the following via email:

Nat Karpac
Senior United States Probation Office
United States Probation Department
Theodore Levin U.S. Courthouse
231 Lafayette, Suite 342
Detroit, MI 48226
Nat_Karpac@miep.uscourts.gov

/s/ Regina R. McCullough
Regina R. McCullough
Assistant United States Attorney
211 Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9618
Regina.McCullough@usdoj.gov