UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

                                  Case No.: 23-20022

v.                             U.S. DISTRICT COURT JUDGE
                                 GERSHWIN A. DRAIN

D-1 MOHAMED KAZKAZ,

               Defendant.

                          /

## OPINION AND ORDER DENYING DEFENDANT MOHAMED KAZKAZ'S MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES

## I.    INTRODUCTION

Presently before the Court is Defendant Mohamed Kazkaz's ("Defendant")

Motion for Retroactive Application of Sentencing Guidelines, filed on April 2,

2024. ECF No. 156. Defendant seeks a two-level reduction to his total offense

level under Amendment 821, Part B to the United States Sentencing Guidelines

("Sentencing Guidelines"). *Id.* Promulgated on November 1, 2023, six days after

Defendant was sentenced, this Amendment allows "certain zero-point offenders" to

receive a two-level reduction to their total offense level. U.S. Sent'g Guidelines

Manual § 4C1.1 (U.S. Sent'g Comm'n 2023). For the following reasons,

Defendant's Motion is DENIED.

## II.    BACKGROUND

On July 18, 2023, Defendant pleaded guilty pursuant to a Rule 11 plea

agreement to the following offenses: (1) conspiracy to commit healthcare fraud, in

violation of 18 U.S.C. § 1349; and (2) engaging in monetary transactions

exceeding $10,000 in criminally derived property, in violation of 18 U.S.C. §

1957. At the time of sentencing, Defendant had a total offense level of 30 and zero

criminal history points. Accordingly, his imprisonment range under the Sentencing

Guidelines was 97 to 121 months. On October 26, 2023, the Court sentenced

Defendant to 90 months imprisonment for each count, to run concurrently,

followed by three years of supervised release for each count, to run concurrently.

Defendant filed the present Motion for Retroactive Application of

Sentencing Guidelines on April 2, 2024. He claims he is eligible for a two-point

reduction to his total offense level under Amendment 821, Part B to the Sentencing

Guidelines because, at the time of sentencing, he had zero criminal history points.

Given that Amendment 821 was enacted after he was sentenced, Defendant argues,

he "did not receive the benefit" of this amendment when he was sentenced. The

Government did not file a Response, nor did the Court hold a hearing on this

Motion. On August 28, 2024, the U.S. Probation Department provided the Court

with a Retroactive Sentence Reduction Review memorandum stating that

Defendant is not eligible for a sentence reduction under Amendment 821, Part B,

because he received an Aggravating Role adjustment.

## III.   LAW & ANALYSIS

### A. Legal Standards

#### 1.   Retroactive Application of Sentencing Guidelines

As a general rule, "a federal court 'may not modify a term of imprisonment

once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir.

2020) (quoting 18 U.S.C. § 3582(c)). This rule is subject to a few exceptions,

including, as established by 18 U.S.C. § 3582(c)(2), when a defendant has been

sentenced to imprisonment "based on a sentencing range that has subsequently

been lowered by the Sentencing Commission." The amendment to the Sentencing

Guidelines must have retroactive applicability. *Dillon v. United States*, 560 U.S.

817, 821 (2010).

The United States Supreme Court has established a two-step inquiry that

federal courts must follow when determining whether a sentence reduction is

appropriate under § 3582(c)(2). *Id.* at 826. The court must first determine whether

the amended guideline range would have applied to the defendant "had the relevant

amendment been in effect at the time of initial sentencing." *Id.* at 827. If this

requirement is satisfied, the court must next "consider any applicable § 3553(a)

factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." *Id.*

## 2. Amendment 821, Part B to the U.S. Sentencing Guidelines

The U.S. Sentencing Commission promulgated Amendment 821 on November 1, 2023. It applies retroactively. Under Part B of the Amendment, zero-point offenders are eligible for a two-point reduction to their offense level if they meet certain requirements, including: "the defendant [(1)] did not receive an adjustment under § 3B1.1 (Aggravating Role) and [(2)] was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." USSG § 4C1.1. This Court, along with others, has consistently held that this requirement is two-pronged, meaning a defendant is eligible for a Part B sentence reduction only if the court finds *both* that the defendant did not receive an Aggravating Role adjustment *and* that the defendant was not engaged in a continuing criminal enterprise. *United States v. Makki*, No. 19-20176, 2024 WL 3292816, at *2-3 (E.D. Mich. July 3, 2024); *United States v. Abdallah*, No. 19-20821, 2024 WL 1758227, at *2 (E.D. Mich. Apr. 23, 2024); *United States v. Zigmond*, No. 15-20283, 2024 WL 1660526, at *2 (E.D. Mich. Apr. 17, 2024); *see also United States v. Arroyo-Mata*, ---F. Supp. 3d---, 2024 WL 1367796, at *2-3 n.6 (N.D. Ga. Apr. 1, 2024) ("Every court thus far has rejected the argument that [this requirement] precludes Amendment 821 relief only when a defendant received [an Aggravating Role

adjustment] *and* engaged in a continuing criminal enterprise."). Put differently, a defendant is ineligible for a Part B sentence reduction if he received an Aggravating Role adjustment. *Id.*

### B. Analysis

The Court must begin its analysis by determining whether Amendment 821, Part B would have applied to Defendant had it been in effect at the time of Defendant's sentencing. As discussed above, the absence of an Aggravating Role adjustment is a prerequisite to Part B's applicability. Given that Defendant received an Aggravating Role adjustment—more specifically, a four-level adjustment for being "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive"—he would not have been eligible for Part B's two-point reduction at the time of sentencing. ECF No. 126, PageID.1211. Therefore, Defendant is ineligible for a retroactive sentence reduction under Amendment 821, Part B.

## IV.   CONCLUSION

For the reasons articulated above, Defendants' Motion for Retroactive Application of Sentencing Guidelines [#156] is DENIED.

SO ORDERED.

Dated: September 19, 2024                    /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 19, 2024, by electronic and/or ordinary mail.
                    /s/ Marlena Williams
                    Case Manager